Filed 12/30/24  P. v. Soto CA4/2
*See concurring opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082203 |
| v. | (Super.Ct.No. 16CR025625) |
| SALVADOR SOTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel Detienne, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, James M. Toohey and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

PROCEDURAL HISTORY

An information charged defendant Salvador Soto with murder in count 1 (Pen. Code, § 187, subd. (a)),[1] attempted murder in count 2 (§§ 664, 187, subd. (a)) and assault with a firearm in count 3 (§ 245, subd. (a)(2)).  It alleged as to counts 1 and 2 that defendant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)), personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)).  It alleged as to count 3 that defendant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)) and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

Defendant thereafter pled no contest to an added count 4, voluntary manslaughter (§ 192, subd. (a)) and admitted the allegation he used a firearm in the commission of the offense pursuant to section 12022.5, subdivision (a).  He was sentenced to a total of 21 years in prison pursuant to the plea bargain.  The court dismissed the remaining charges and allegations.

Defendant filed a petition for resentencing under section 1172.6.[2]  Counsel for defendant filed points and authorities in support of the petition for the court's consideration at the prima facie hearing.  Defendant objected to the court's consideration

---

[1]	All further statutory references are to the Penal Code unless otherwise indicated.

[2]	Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.

of the preliminary hearing transcript as hearsay. The People filed a written objection to the petition for resentencing and urged the court to consider the nonhearsay portions of the preliminary hearing transcript as part of the record of conviction.

After a hearing to determine whether defendant stated a prima facie case, the court denied the petition. The court stated it considered the preliminary hearing transcript in determining the petition. Defendant filed a timely notice of appeal and asserts on appeal that the court erred in relying on the preliminary hearing transcript to determine the petition.

## FACTS[3]

Victim Alberto Ramirez Reyes told a law enforcement officer that after he met victim Nehemias Coreas at a bar, they began walking southbound along a street. While walking, they encountered two males and a female. One male was shorter and younger; the other was taller with a black backpack. Coreas started talking to and then fighting with the younger, shorter male. The female became involved in the fight and then the taller male with a backpack began punching Reyes in the face. Reyes then became involved in the fight but ran away southbound when he saw the male with the backpack pull out a gun. He heard 3 gunshots, heard another gunshot and felt a bullet hit his arm. Reyes said he did not see anyone with guns during the altercation. The shooter was wearing black jeans and a short-sleeved navy blue plaid shirt.

---

[3]     Because defendant stipulated to the preliminary hearing transcript as the factual basis for his plea, we use that transcript for the fact statement.

An officer investigating the scene saw five 9-millimeter shell casings at the scene. The officer also viewed and described a black and white surveillance video taken from a nearby business which showed two males walking southbound then a male wearing dark clothing and a backpack walking northbound. The male stopped and ran southbound then about two minutes later the same male ran northbound followed by a female. Security footage from another nearby business showed two people walking southbound begin fighting with three people who were walking northbound and a male shooting at two males who were moving southbound away from the shooter.

A.M., a minor, was the shorter and younger male who was involved in the altercation. He told an investigating officer that as he, defendant and Cynthia Figueroa were walking northbound along a street, they encountered Reyes and Coreas who were walking southbound on the same street. A.M. and Coreas got into an argument and then a physical fight ensued. Figueroa tried to intervene. Defendant then pulled out a gun and shot at Coreas and Reyes. A.M. chose defendant's photo from a photo lineup as the person who did the shooting.

## DISCUSSION

Section 1172.6, subdivision (a) provides that a person convicted of attempted murder under the natural and probable consequences doctrine may petition the court to have that conviction vacated. Within 60 days after service of a facially sufficient petition for resentencing, "the prosecutor shall file and serve a response." (§ 1172.6, subd. (c).) Counsel for the defendant may then file a reply within 30 days of the filing of the response. The court then sets a prima facie hearing at which it determines whether to

4

issue an order to show cause. If the court decides not to issue an order to show cause, "it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*)

Section 1172.6, subdivision (a) provides that a person convicted of attempted murder under the natural and probable consequences doctrine may petition the court to have that conviction vacated. The petition must allege all of the following conditions:

(1) An information allowed the prosecutor to proceed with the attempted murder prosecution under the natural and probable consequences doctrine.

(2) Defendant was convicted of attempted murder.

(3) Defendant could not currently be convicted of attempted murder due to changes made in 2019 to sections 188 and 189 abolishing the natural and probable consequences doctrine.

The court then appoints counsel for defendant and sets a hearing to determine if defendant has made a prima facie case for relief. (§ 1172.6, subd. (c).) The court accepts the petition's allegations as true; however, if the record of conviction contains facts conclusively refuting the petition's allegations, the court may deny it. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The prima facie review is limited, and the court may reject the petition's allegations only where the record *conclusively* refutes them. (*Ibid.*) Thus, the court may make a credibility determination adverse to a petitioner if the record contains readily ascertainable facts refuting the petition's allegations. The court may not engage in factfinding or weighing of evidence. (*Id.*, at pp. 971-972.)

A court may however deny a petition at the prima facie stage if the court's record establishes as a matter of law that defendant is ineligible. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).) A defendant is not eligible for relief if the record establishes that he was the actual killer. *(People v. Delgadillo* (2022) 14 Cal.5th 216, 233; *People v. Mares* (2024) 99 Cal.App.5th 1158, 1172, review granted May 1, 2024, S284232.)

In the current case, the court denied the petition at the prima facie hearing after reviewing the petition, the prosecution's opposition and the preliminary hearing transcript. The parties agreed the factual basis for defendant's plea could be found in the preliminary hearing transcript.

We independently review a trial court's determination regarding whether a petitioner has made a prima facie showing. (*Harden*, *supra*, 81 Cal. App.5th at p. 52.)

Defendant contends the trial court erred in relying on the preliminary hearing transcript when determining that defendant had not established a prima facie case. When the conviction results from a guilty plea rather than a trial, the record of conviction may include the transcript of the defendant's preliminary hearing testimony if the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *People v. Pickett* (2023) 93 Cal.App.5th 982, 988, review granted Oct. 11, 2023, S281643.)

In *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, the preliminary hearing testimony relied upon by the court was not hearsay. There police officers testified at the preliminary hearing that they watched the

6

surveillance video of the crime and recognized Patton as the sole perpetrator. (*Id.*, at p. 657.)

Similarly, the evidence at the preliminary hearing in this case consisted in part of the officers' observations when viewing the recordings from nearby businesses. Although the officers were not able to recognize the shooter, they did confirm there was only one shooter. Only one type of shell casing was recovered from the scene of the shooting. The information charged only one person, defendant, with the death of Coreas, and defendant pled no contest to the voluntary manslaughter of Coreas and admitted to personal use of a firearm in the commission of the offense. Codefendant, Figueroa, was charged with and pled no contest to being an accessory after the fact (§ 32). Thus, the record of conviction shows that defendant was the actual shooter and refutes the allegations in his petition for resentencing.

Defendant argues that the preliminary hearing transcript contains hearsay which he asserts cannot be used as part of the record of his conviction. As demonstrated above, it is not necessary to resort to hearsay testimony to determine the issue.[4]

Nor is it necessary to engage in fact finding. There is no ambiguity in the facts which are readily ascertainable from this record. There was only one shooter, and

---

[4]     Although it is not necessary to consider the statement of Reyes to resolve this issue and we do not rely on it in determining the appeal, the detective's testimony at the preliminary hearing regarding his interview with Reyes could have been admissible as an exception to the hearsay rule under Evidence Code section 1240 as a spontaneous statement. (*People v. Merriman* (2014) 60 Cal.4th 1, 64-65.) A detective interviewed Reyes in the emergency room soon after the shooting. Reyes' statement to police confirmed that there was only one shooter and no one else involved in the altercation had a gun.

defendant's plea admits he was that shooter.  (E.g., *People v. Villagrana* (2024) 106 Cal.App.5th 312, 318.)  Because defendant admitted he was the actual shooter, there was no possibility of conviction under a natural and probable consequences theory.  (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029.)

Citing *People v. Offley* (2020) 48 Cal.App.5th 588, 597-598, defendant stated his admission to the gun use enhancement cannot defeat his prima facie case; however, in *Offley* the appellant was not the only shooter.  In this case, there was only one shooter, and defendant's admission to gun use may be used to confirm that he was the actual killer.  (*Harden*, *supra*, 81 Cal.App.5th at p. 56, fn. 9.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

[*People v. Soto*, E082203]

RAPHAEL, J., concurring.

Salvador Soto pled guilty to manslaughter in 2018 while charged with murder and attempted murder. He chose to plead in the face of testimony, and a surveillance video, that the People offered to show that he was in a fight with two men, after which he shot at them as they fled, killing one and injuring the other.

In his Penal Code section 1172.6 petition, Soto now asserts that he could not presently be convicted of murder or attempted murder "because of" changes to the murder laws that were effective January 1, 2019.[1] (§ 1172.6, subd. (a)(3).) This assertion means that he believes there are facts supporting his committing murder (or attempted murder) under some theory that was abrogated in 2019. If he wishes to claim he is not guilty of murder for some *other* reason, despite his guilty plea, that is not an argument cognizable in a section 1172.6 petition.

In other words, Soto's assertion means that he would have offered a defense in his case using facts that constituted murder in 2018 but that no longer do so. Any theory of murder abrogated by the 2019 amendments has a "target offense" or "underlying felony" that the defendant intended, through which the malice for murder would be imputed to him. (See § 1172.6, subd. (e).) If his petition were successful, Soto's manslaughter conviction would be redesignated as the non-murder offense in which he participated. (*Ibid.*)

---

[1] Undesignated statutory references are to the Penal Code.

1

The problem for Soto is that the facts in the record contradict guilt on any such abrogated murder theory. They simply show Soto shot two people fleeing from a fight with him. If we speculate that, for instance, Soto means that he was guilty of first-degree felony murder (a theory applicable only to the murder charge, not the attempted murder charge), he needs to assert that he was a participant in one of a statutory list of underlying felonies such as robbery (see § 189, subd. (a)) when a co-participant in that offense shot the victim (see § 189, subd. (e)(1).) Here, the evidence supports only Soto as the shooter. The actual killer in a felony murder remains guilty of murder today. (§ 189 subd. (e)(1).) And the evidence supports that Soto participated in a fight before the shooting, not any underlying felony on the statutory list.

Consider, secondly, if Soto meant that facts support his guilt under the now-abrogated "natural and probable consequences" theory, which used to support certain convictions for murder and attempted murder. If so, no facts suggest that Soto was "an accomplice" to an "offense committed by the direct perpetrator" where murder resulted as a natural and probable consequence of the intended offense. (*People v. Gentile* (2020) 10 Cal.5th 830, 843-844.)

In this case there *was* another person (the minor, A.M.) on Soto's side of the fight before the fleeing victims were shot. But even if (contrary to the record evidence) Soto would claim that person was the shooter, there is no indication of a "target offense" that Soto participated in as the shooter's accomplice.

Our Supreme Court recently stated that the non-murder offense is an "essential predicate" here: "The existence of an underlying felony or target offense is an essential predicate to any successful resentencing petition under section 1172.6." (*People v. Arellano* (2024) 16 Cal.5th 457, 474.) Such a crime is the "offense or felony that was the predicate for relief in the first place . . . that supported the prosecution's theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory in which malice is imputed based solely on that person's participation in a crime." (*Id*. at pp. 474-475.)

Here, with no target offense or underlying felony in our record, Soto needs to tell us what it was. What non-murder offense did he participate in that would have imputed malice to him in 2018 but now does not? To properly assert a prima facie case, he must do this. After all, he seeks to have his conviction recharacterized as this crime.

Soto instead has made only a conclusory check-box assertion of a prima facie case. A record that "unambiguously precludes" such an assertion is enough to reject a prima facie case. (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1161.) In my view, a petitioner like Soto may assert, if he can, that facts, not in our record, support a prima facie case. In 2018, a defendant perhaps could have pled guilty when faced with the People's preliminary hearing testimony even if such facts existed that did then not matter to guilt for murder. Under section 1172.6, Soto was provided counsel to brief whether a prima facie case exists. (§ 1172.6, subds. (b)(3), (c).) If, as here, counsel fails to explain how Soto's "because of" assertion can be true, there is no prima facie case. Here, "'the

3

record, including the court's own documents . . . "contain[s] facts refuting the allegations made in the petition,"'" so "'"the court is justified in making a credibility determination adverse to the petitioner."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

Here, then, we need not find facts to conclude that Soto has not pled a section 1172.6 prima facie case.  We need only determine that no facts support his assertion that he could not be convicted today "because of" the legal changes.  (§ 1172.6, subd. (a)(3).)

RAPHAEL         

J.